**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AJ MCMULLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 26-301-JLH-LDH |
| | ) |
| KATHLEEN JENNINGS et al, | ) |
| | ) |
| Defendants. | ) |
| | ) |

FILED

JUL 2 7 2026

U.S. DISTRICT COURT DISTRICT OF DELAWARE

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff AJ McMullen, an inmate at James T. Vaughn Correctional Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). The Court now screens the Complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a) and recommends that the Complaint be dismissed without prejudice.

## I.    BACKGROUND

Plaintiff's complaint is a lengthy narrative arising from a series of incidents beginning on February 7, 2026 at JTVCC. (D.I. 3 at 9).[1] Although Plaintiff attempts to describe the timeline of relevant events in detail, the actual claims that he is attempting to raise are difficult to discern.

---

[1]    Plaintiff filed three Letter/Motions to Amend (D.I. 8, 11, and 12). The first two Letter/Motions update the first names of John Doe defendants. (D.I. 8, 11). The third Letter/Motion to Amend (D.I. 12) adds Defendant Goldman, a staff lieutenant at JTVCC. Each motion is GRANTED and the Court reviews the Complaint, as Amended, in this screening. Motions for leave to amend pleadings are generally considered non-dispositive. *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 135-36 (3d Cir. 2016). The Clerk of Court is directed to update Defendant (John Doe) Mejua to Marvin Mejia, Defendant (John Doe) Duggan as Brandon Dugan, and to add Defendant Goldman.

1

On February 7, 2026, Plaintiff was removed from his cell, strip searched, body scanned, placed in secure housing unit (SHU) attire, and taken to the SHU. (*Id.* at 9). Drugs were found in Plaintiff's sweatpants. (*Id.* at 9–10). For that, Plaintiff received a disciplinary report and was charged with substance abuse and promoting prison contraband. (*Id.* at 9–10). After a disciplinary hearing, Plaintiff was found guilty. (*Id.* at 11). It is not clear what sanction Plaintiff received. Plaintiff takes issue with the due process afforded to him in connection with the disciplinary hearing. (*Id.* at 10–11).

The Complaint further alleges that on February 9, 2026, following his housing transfer, Plaintiff's property arrived but was missing his legal documents associated with an upcoming evidentiary hearing. (*Id.* at 10). He further alleges that the charger for his tablet was broken. (*Id.*).

On February 11, 2026, Plaintiff was brought to court in Georgetown. (*Id.* at 11). Upon return to JTVCC, Plaintiff was again strip searched and placed in the body scanner. (*Id.*). A short time later, Plaintiff alleges he was placed in a shower and once again strip searched while his cell was searched. (*Id.* 11-12). Plaintiff wrote grievances about these events and each was denied. (*Id.* at 12). Plaintiff requested reports related to these incidents and did not receive them. (*See* D.I. 12 at 2).

Plaintiff alleges that the foregoing violated his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments, and he is suing fourteen defendants. (*See generally* D.I. 3; D.I. 12). Plaintiff is suing all defendants in their official and individual capacities, *id.* at 16, and he seeks monetary damages and various forms of injunctive relief. (*Id.* at 19).

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per

curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.  DISCUSSION

The Complaint fails to state a plausible claim upon which this Court may grant relief.

### A.  Kathleen Jennings and Kathryn Garrison

The only allegations in the Complaint regarding Defendants Attorney General Kathleen Jennings and Deputy Attorney General Kathryn Garrison relate to Defendant's post-conviction relief hearing on February 11, 2026. Plaintiff alleges that Defendant Garrison was in the courtroom on the day of the hearing and that Plaintiff's case was continued. (D.I. 3 at 11). Plaintiff also asserts that two days later, he learned from family members that AG Jennings and DAG Garrison had been present in the courtroom on February 11, 2026, and that they had an ex parte hearing with the judge for which everyone was removed from the courtroom. (*Id.* at 13). Plaintiff also states that the Superior Court docket entry for this hearing is sealed. (*Id.*). These facts do not plausibly state a claim for relief.

4

Moreover, to the extent that Defendants Jennings and Garrison had any role in the February 11, 2026 hearing, each receives prosecutorial immunity "for actions performed in a judicial or 'quasi-judicial' capacity," and while "functioning as the state's advocate when performing the action(s) in question," *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008); *see also Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). As a result, I recommend that Defendants Jennings and Garrison be dismissed with prejudice.

**B.    Searches**

Plaintiff complains about the conduct of Defendants Bowman, Buttrell, and Mejia during the February 7, 2026 strip search for contraband that resulted in his disciplinary action. (D.I. 3 at 10). Plaintiff further complains about the strip search and cell search by Mejia and Dugan and Buttrell upon return from court on February 11, 2026. (*Id.* at 11–12.). Prisoners do not have a Fourth or Fourteenth Amendment right to be free of strip searches conducted by prison officials without probable cause as long as the search is conducted in a reasonable manner. *Bell v. Wolfish*, 441 U.S.520, 560 (1979). Prisoners have no Fourth Amendment right of privacy in their cells. *See Hudson v. Palmer*, 468 U.S. 517, 525–26 (1984). Plaintiff does not allege any facts supporting an inference that these searches were unreasonable. I recommend that Plaintiff's claims relating to the searches be dismissed without prejudice.

**C.    Grievance processes**

The Complaint alleges the involvement of Defendants Beck, Heishman, Eisenbraun, and Jastrab in the processing and denial of Plaintiff's various grievances. (*See* D.I 3 at 9, 10–11, 12–13, 14). Without more, Plaintiff fails to state any cognizable § 1983 claim because mere involvement in the post-incident grievance process does not give rise to § 1983 liability. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (affirming dismissal of claims against prison

5

officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Hilton v. Davis*, No. CV 25-485-CFC, 2025 WL 2962240, at *1 (D. Del. Oct. 17, 2025).

Plaintiff alleges that he attempted to communicate with Warden Brian Emig regarding his disciplinary sanction and grievances but that he did not receive a response. (D.I. 3 at 12, 13, 18). Plaintiff alleges scant facts regarding Defendant Peruchi, only that "law library affairs is directly or indirectly" involved failing to provide CID members first names. (*Id.* at 15). Finally, in his third letter amendment to his Complaint, Plaintiff contends that Defendant Goldman as a PREA coordinator disregarded Plaintiff's sexual harassment complaint on May 22, 2026. (D.I. 12 at 2). Plaintiff fails to allege that any of these Defendants were personally involved in any of the events in the Complaint, and otherwise does not identify any actionable conduct by these Defendants. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("[A] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."). A "defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) (internal quotation mark omitted); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). Moreover, as to Warden Emig, "[t]he failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Okey v. Strebig*, 531 F. App'x 212, 215 (3d Cir. 2013). Accordingly, Plaintiff has failed to state a claim against Defendants Emig, Peruchi, and Goldman. I recommend that Plaintiff's Complaint against Defendants Emig, Peruchi, and Goldman be dismissed without prejudice.

### D.   Due Process Claims

Plaintiff alleges that he was wrongfully transferred from his housing location to a less desirable housing location, a classification change executed by Defendant Stevens. (D.I. 3.at 9, 15-18).  Plaintiff fails to state a claim.  It is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in an assignment to a particular custody level, security classification, or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).  Traditionally, prisoners do not have a constitutional liberty or property interest in a prison job assignment or a particular place of confinement. *See Meachum v. Fano*, 427 U.S. 215, 228-29 (1976); *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989).

To the extent that Plaintiff claims that his disciplinary hearing and appeal were constitutionally deficient, the Complaint does not allege an actionable violation of the Fourteenth Amendment.  In *Wolff v. McDonnell*, the Supreme Court held that a prisoner deprived of a constitutionally cognizable liberty interest has a due process right to an administrative hearing with certain procedural protections.  418 U.S. 539 (1974).  But there is generally no liberty interest for due process to protect unless the prison "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Plaintiff has put forth no such allegations.

Moreover, the Complaint does not describe the sanction Plaintiff received.  In deciding whether a protected liberty interest exists under *Sandin*, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison

conditions. *Mitchell v. Horn*, 318 F.3d at 532 (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)).

### E.    First Amendment Retaliation

Plaintiff asserts that his First Amendment rights were violated, but it is not clear how. (D.I.3 at 9).  A prisoner alleging retaliation must show: "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor" in the officials' decisions. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (*citing Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001)). The causation element requires a plaintiff to prove either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory conduct, or (2) a pattern of antagonism coupled with timing to establish a causal link. *Id. citing Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).  The Court is unable to determine what conduct Plaintiff claims was constitutionally protected and what adverse action was taken by prison officials.   Moreover, Plaintiff does not allege a causal connection between protected conduct and an adverse action. *See Watson*, 834 F.3d at 423.

### F.    Personal Property

Liberally construed, Plaintiff alleges violation of his right to due process when, as a result of his transfer on February 7, 2026, several items went missing.  The Court construes these claims as violations of due process.  A prisoner's due process claim based on the deprivation of his personal property is not actionable under 42 U.S.C. § 1983 unless there is no adequate post deprivation remedy available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Harris v. McMullen*, 609 F. App'x 704, 705 (3d Cir. 2015). Because Delaware provides an adequate remedy by filing a common law claim for

8

conversion of property, Plaintiff cannot maintain a cause of action pursuant to § 1983. *Harris*, 609 F. App'x at 705. The Court recommends these claims be dismissed with prejudice. *See Jones v. Calloway*, No. 20-1542-CFC, 2022 WL 1016399, at *7 (D. Del. Apr. 5, 2022).

*   *   *

Plaintiff's Complaint is insufficiently pled for several reasons. It attempts to raise claims for occurrences on many different dates and based upon the conduct of many different defendants. As pled, even including the three letter amendments (D.I. 8, 11, 12), a defendant would be unable to effectively answer the allegations.

Accordingly, the Court recommends that claims against defendants Kathleen Jennings and Kathryn Garrison be dismissed with prejudice pursuant to §§ 1915(e)(2)(B)(iii) and 1915A(b)(1) & (2). The Court further recommends that personal property claims be dismissed with prejudice §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Court recommends that the remaining claims in the Complaint be dismissed without prejudice pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), with leave to file an amended Complaint. Any new Complaint must stand by itself without reliance on previously filed (and dismissed) pleadings (or letter amendments), and it should set forth the claims in short, concise statements in sequentially numbered paragraphs.

Furthermore, Plaintiff's motion for appointment of counsel (D.I. 5) is DENIED without prejudice to renewal at a later stage of this case, as Plaintiff has demonstrated sufficient ability to present his claims during the early stages. (*See* D.I. 3).[2]

---

[2] A *pro se* plaintiff in a civil action has no constitutional or statutory right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The Court can determine, in its discretion, whether the appointment of counsel is warranted based on the factors presented in that particular case, including: (1) the plaintiff's ability to present the case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation

9

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that the Complaint (D.I. 3) be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and that Plaintiff be given thirty (30) days from the date the District Court adopts this Report and Recommendation to file an amended pleading. The Court denies Plaintiff's motion for appointment of counsel (D.I. 5) without prejudice to renew at a later date.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Any objections to the Report and Recommendation shall be limited to seven (7) pages. Any response shall be filed within fourteen (14) days thereafter and limited to seven (7) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025). Parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the Court's website, https://www.ded.uscourts.gov.

---

will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require expert testimony.  *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, and no single factor is determinative. *Id.* at 157.

Dated:  July 27, 2026

_____
United States Magistrate Judge

11